IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PATRICIA A. FULLER                                           PLAINTIFF

v.                  Civil No. 13-2237

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                DEFENDANT

**AMENDED MEMORANDUM OPINION**

Plaintiff, Patricia Fuller, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

Plaintiff filed for DIB on June 9, 2010, alleging an onset date of January 24, 2010, due to fibromyalgia, back problems, arthritis, hearing loss, colon and thyroid problems, high blood pressure, and high cholesterol. Tr. 11, 118-124, 163-164, 174, 188-189, 198. Her claims were denied both initially and upon reconsideration. Tr. 65-69. An administrative hearing was held on June 4, 2012. Tr. 28-64. Plaintiff was present and represented by counsel. She was 36 years old and possessed the equivalent of a high school education. Tr. 37. Plaintiff had past relevant work ("PRW") experience as a cosmetologist, nursing home/hospital cleaner, deli/delicatessen worker, dishwasher, and cook. Tr. 38-39, 41-43, 58, 155-162, 174, 203-210, 220.

On August 8, 2012, the ALJ found Plaintiff's degenerative joint disease of the lumbar spine, hypertension, and adjustment disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 13-14. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform medium work except she can lift and carry 25 pound frequently and 50 pounds occasionally; can sit for about 6 hours in an 8-hour workday, and can stand and walk for about 6 hours in an 8-hour workday. He found the Plaintiff to be further limited due to mental impairments, stating that she could perform work where the interpersonal contact is routine but superficial; the complexity of the tasks is learned by experience and with several variables; judgment is within normal limits; and, the supervision required is little for routine, but detailed for non-routine work-related tasks. Tr. 16. With the assistance of a vocational expert, the ALJ concluded Plaintiff could return to her PRW as a housekeeper/nursing home house cleaner, deli worker, cook, and dishwasher. Tr. 22-23.

Plaintiff's request for review by the Appeals Council was denied on August 28, 2013. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 13.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

AO72A
(Rev. 8/82)

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

After the ALJ issued his decision, Plaintiff requested review by the Appeals Council. Although not contained in the transcript submitted by the Administration, Plaintiff has submitted a copy of a fax transmission sheet and a Memorandum of Facts and Law in Support of Request for Review by the Appeals Council indicating that she submitted new evidence to the Appeals Council on June 11, 2013, in the form of an MRI of her cervical spine showing disc degeneration at multiple levels, disc bulging/protrusion from the C3 level to the C6 level, and a possible spinal cord lesion; an MRI of the brain revealing "extensive" periventricular deep white matter changes that could account for her short-term memory problems; treatment notes from a neurologist diagnosing paresthesias bilaterally with a diffuse hyperreflexia and an abnormal MRI; and, additional treatment records from Plaintiff's treating doctor documenting treatment for TIA's, to the Administration on June 11, 2011. ECF No. 12-2. However, without mentioning this evidence, the Appeals Council denied Plaintiff's request for review.

While we can not speak to why this evidence is not included in the record, under the regulations, the Appeals Council must evaluate the entire record, including any new and material evidence submitted to it after the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The Appeals Council "shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision." *Id*. "It will then review the case if it finds that the

[ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id*.

Reviewing courts also have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

After reviewing the record, including the additional evidence Plaintiff seeks to admit, we conclude that this evidence undermines the ALJ's RFC determination. The records are both new and material. They are dated within six months of the ALJ's decision, and they provide support for the RFC assessment provided by Plaintiff's treating doctor and the subjective complaints reported by the Plaintiff. Accordingly, the case is hereby remanded to allow the ALJ to consider this evidence.

IV.     **Conclusion:**

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)